IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-30-BO

ANGELA MILES STEPHENS,                )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          **ORDER**
                                      )
NORTH CAROLINA DEPARTMENT OF          )
PUBLIC SAFETY,                        )
                                      )
          Defendant.                  )

This case comes before the court, in part, on the motion (D.E. 20) by defendant North

Carolina Department of Public Safety to compel responses to discovery requests it served on

plaintiff Angela Miles Stephens ("plaintiff"), who is represented by counsel. Defendant also

moves (D.E. 21) to amend the Scheduling Order (D.E. 17) in this case. Defendant attached to its

motion to amend the Scheduling Order a purported response (D.E. 21-1) to the motion to compel

served by plaintiff, though no opposition to either motion has been filed by plaintiff with the

court. For the reasons set forth below, the motion to compel will be allowed, and the motion to

amend the Scheduling Order will be allowed in part and denied in part.

## I.    BACKGROUND

This case arises out of plaintiff's claims for retaliation for exercising legal rights pursuant

to Title VII, 42 U.S. § 2000e-3(a), relating to her failure to be hired for positions to which she

applied. Compl. (D.E. 7-1) ¶¶ 55-62. She also asserts a state-law retaliation claim for failure to

hire pursuant to N.C. Gen. Stat. § 143-422.2. *Id.* ¶¶ 63-69. Defendant denies the material

allegations in plaintiff's complaint. *See generally* Def.'s Ans. (D.E. 11).

On 30 June 2017, defendant served on plaintiff its first set of interrogatories and requests for production of documents. Disc. Reqs. (D.E. 20-1). Pursuant to Fed. R. Civ. P. 5(b)(2)(C), 6(d), 33(b)(2), and 34(b)(2)(A), plaintiff's responses to the discovery requests were required to be served within 30 days. Mot. ¶¶ 2, 3. On 27 September 2017, defendant advised plaintiff that her responses were overdue. *Id.* ¶ 2; 27 Sept. 2017 Email to Pl. (D.E. 20-2). On 18 October 2017, defendant again reminded plaintiff of the overdue responses and informed plaintiff that a motion to compel would be filed by 23 October 2017 if it did not receive the responses by that date. Mot. ¶ 3; 18 Oct. 2017 Email to Pl. (D.E. 20-3). In a responsive email, plaintiff assured defendant that responses would be served by that deadline. 18 Oct. 2017 Email to Def. (D.E. 20-3). Plaintiff served no discovery responses and on 24 October 2017, defendant filed the instant motion.

As noted, in connection with its motion to amend the Scheduling Order, defendant annexed a purported response to the motion to compel from plaintiff stating that she "will respond to the Defendant's discovery responses within two days of the entry of any order on this motion." 7 Nov. 2017 Resp. (D.E. 21-1). Aside from this document provided by defendant,[1] plaintiff did not properly file with the court any response to the motion to compel or motion to amend the Scheduling Order.

---

[1] The certificate of service on this document indicates that it was filed with the Clerk of Court on 7 November 2017 using the following email address: technical-failure_NCED@nced.uscourts.gov. *See* 7 Nov. 2017 Resp. 1-2. This email address is for use when the court's website is unable to accept filings and is only monitored by the court upon confirmation of a technical failure within the site, as expressly stated in the CM/ECF policy manual. CM/ECF Administrative Policies and Procedures Manual § V.K.1(a). While the court was able to confirm plaintiff's submission of her response to that email address, it has also confirmed that the site appears to have been operational at that time and thus, this submission did not constitute filing with the court. There is no indication that plaintiff followed up with the court after that time to ensure that the document was appropriately filed in this case.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III.    DEFENDANT'S MOTION TO COMPEL

### A.    Merits of Motion

As indicated, by its motion, defendant seeks an order compelling plaintiff to serve responses to its interrogatories and document production requests.

Defendant has duly certified that it attempted to resolve this matter without court intervention (*see* Mot. ¶¶ 3-5), in addition to detailing its efforts to resolve the matter, as noted. Having failed to respond to defendant's motion, plaintiff does not contest the relief defendant seeks or the grounds advanced by defendant for it.[2] Irrespective of the unopposed nature of the motion, the court finds that plaintiff has failed to comply with her discovery obligations under Rules 26, 33, and 34. The court has reviewed defendant's discovery requests and cannot say that they are outside the permissible scope of discovery. The court therefore ALLOWS defendant's motion on the following terms:

_____

[2] Even were the court to construe the document defendant annexed to its motion to amend the Scheduling Order as a response to the motion to compel, the response appears to indicate consent to the relief sought in the motion to compel.

5

No later than 22 December 2017, plaintiff shall serve on defendant her response to the first set of requests for production of documents. The response shall contain a response to each individual production request, otherwise meet the requirements of Rule 34(b)(2)(B)-(E), and be duly executed pursuant to Rule 26(g)(1). Immediately above her response to a particular request, plaintiff shall set out the request to which the response relates.

Plaintiff waived any objections to the production requests by her failure to respond timely to them. *See, e.g., Frontier-Kemper,* 246 F.R.D. at 528; *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.,* 200 F.R.D. 255, 258 (M.D.N.C. 2001). Nevertheless, the court will permit her to assert proper claims of privilege (including, *e.g.,* attorney-client privilege, work-product protection) in her response to the production requests. This is the only objection plaintiff may assert. To properly claim a privilege, plaintiff must, in addition to expressly asserting it in response to the particular production request involved, serve with her response a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed. Plaintiff shall serve with her response all documents as to which she does not assert a privilege objection. Failure by plaintiff to timely serve a proper response to the requests for production in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

In addition, no later than 22 December 2017, plaintiff shall serve on defendant complete answers to each of the interrogatories in the first set of interrogatories. The responses to the interrogatories shall be signed by plaintiff under oath. Immediately above her response to a particular interrogatory, plaintiff shall set out the interrogatory to which the response relates.

As with the document production requests, plaintiff waived all objections by not asserting them. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure."). Nevertheless, the court will permit her to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in her response to the interrogatories. This is the only objection plaintiff may assert. Any claim of privilege shall meet the requirements for the privilege asserted. Failure by plaintiff to timely serve proper responses to the interrogatories in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

### B.      Possible Sanctions

Failure by plaintiff to timely comply with this Order may result in the imposition of sanctions against her. These sanctions may include, but are not limited to: (1) directing that the matters embraced in this Order or other designated facts be taken as established for purposes of the action as defendant claims; (2) prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until this Order is obeyed; (5) dismissing this case in whole or in part; and/or (6) treating as contempt of court the failure to obey this Order. Fed. R. Civ. P. 37(b)(2)(A). Sanctions could apply to either or both plaintiff and her counsel. *See id.* (a)(5)(A).

### C.      Expenses

The court has already found that defendant made a good faith effort to resolve the discovery dispute at issue before filing its motion to compel, that plaintiff failed to comply with her obligations under the Federal Civil Rules, and that defendant is entitled to all of the relief it

sought in its motion (subject to the court's permitting privilege objections). Before allowing an award of defendant's expenses, the court will provide plaintiff an additional time to be heard with respect to expenses.

Accordingly, defendant shall file by 2 January 2018 an affidavit setting out the reasonable attorney's fees and other expenses it claims, along with a supporting memorandum and any other supporting documents. Plaintiff may file a response to defendant's filing within two weeks after it is served, but in no event later than 16 January 2018. She may address in her response not only the reasonableness of the expenses claimed by defendant, but also any grounds upon which she contends expenses should not be awarded against her and the allocation of liability for any expenses awarded between her and her counsel. If plaintiff does not file a response by that date, the court will deem her to have no objection to the fees and other expenses claimed by defendant. The court will thereafter enter an order setting the amount due and the deadline for payment.

## IV. DEFENDANT'S MOTION TO AMEND

Defendant also moves to amend the deadlines in the Scheduling Order to allow only it an additional 60 days to conduct discovery, but to apply the current discovery deadlines to plaintiff. The Scheduling Order presently sets a deadline of 20 November 2017 for the completion of discovery and 16 January 2018 for the filing of potentially dispositive motions. The court finds that defendant has shown good cause for the extension it seeks and, in the interest of fairness and judicial efficiency, will apply the same deadlines to both parties. The extensions will run from today. The Scheduling Order is modified as follows:

1.      All discovery shall be commenced in time to be completed by 9 February 2018.

8

2.      Any potentially dispositive motions shall be filed by 7 April 2018.

3.      All other deadlines in the existing Scheduling Order remain in effect.

## V.      CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1.      Defendant's motion to compel (D.E. 20) is ALLOWED.

2.      Defendant's motion to amend (D.E. 21) the Scheduling Order is ALLOWED in part and DENIED in part.

3.      Any award of expenses shall be subject to further briefing.

SO ORDERED, this 11th day of December 2017.

James E. Gates
United States Magistrate Judge