IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-30-BO

| | | |
|---|---|---|
| ANGELA MILES STEPHENS<br>　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| NORTH CAROLINA DEPARTMENT OF<br>PUBLIC SAFETY,<br>　　　Defendant. | )<br>)<br>)<br>)<br>) | |

This cause comes before the Court on defendant's motion for summary judgment. The matter has been fully briefed and is ripe for ruling. For the following reasons, that motion is granted.

## BACKGROUND

Plaintiff, Angela Miles Stephens, applied to a clinical social worker position with North Carolina's Department of Public Safety in 2015. While she was selected for an interview, she claims she did not receive the email and phone messages sent to her to inform her of the fact. Plaintiff did not contact the Department until the interview window had closed and so was not given the opportunity to interview for the position. Plaintiff alleges she was deliberately not contacted in retaliation for previous allegations of discrimination she made against the Department. Plaintiff also alleges that she was not considered for an Assistant Superintendent position, and that this was also retaliation.

Plaintiff filed this suit in Cumberland County Superior Court, alleging a Title VII claim and a related state law claim. Defendant then removed the suit to this Court. Following discovery, defendant has moved for summary judgment.

DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Plaintiff has made two claims: a federal Title VII claim, and a supplemental claim under North Carolina law, N.C.G.S. § 143-422.2.

I.  Title VII

Absent direct evidence, a plaintiff can allege unlawful discrimination using the *McDonnell Douglas* framework. *McDonnell Douglas Corp v. Green*, 411 U.S 792 (1973). To do so, a plaintiff must first establish a prima facie case of discrimination or retaliation. *Tex. Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981). A prima facie Title VII retaliation claim has three parts. 42 U.S.C. § 2000(e); *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 217 (4th Cir. 2016). First, the plaintiff must show that she engaged in protected activity. *Id.*

2

Second, she must show that the employer took an adverse action against her. *Id.* And third, she must show that a causal relationship existed between (1) and (2). *Id.*

Causality may be implied when there is close temporal proximity between the protected activity and the adverse action, but an extended gap will break the link. *Tillery v. Piedmont Airlines, Inc.*, 713 Fed. Appx. 181, 185 (4th Cir. 2017) (a year and a half is insufficient); *Causey v. Balog*, 162 F.13d 795, 803 (4th Cir. 1998)) (thirteen months is insufficient).

Additionally, the employer must know that the plaintiff engaged in protected activity. *Dowe v. Total Action against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). "By definition, an employer cannot take action because of a factor of which it is unaware." *Id.* Knowledge is not automatically imputed to every individual employee of an institutional defendant just because the institution as a whole was previously involved in a lawsuit or other proceeding with the plaintiff. *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901 (4th Cir. 2017). The standard is actual knowledge by the decision-maker— the person or persons who decided to do whatever is alleged to be adverse. *Id.* ("The facts the decision-maker actually perceived matter."); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004) ("In embarking upon a determination of who is a 'decisionmaker' for purposes of discrimination actions brought under Title VII and the ADEA, we begin with the language of the statutes."). *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217 (4th Cir. 2007) ("It is the perception of the decisionmaker which is relevant.").

It is unquestioned that plaintiff can establish step one of the prima facie retaliation inquiry. She has filed two previous federal lawsuits against the North Carolina Department of Corrections, the previous name of defendant, alleging discrimination. *Miles-Stephens v. North Carolina Dept. of Corrections*, 5:11-CV-597-D (E.D.N.C. July 7, 2014); *Stephens v. North*

*Carolina Dept. of Corrections*, 5:06-CV-261-FL (E.D.N.C. Feb. 2, 2007). Plaintiff argues she experienced two adverse actions in retaliation for this. The Court will address each in turn.

A. Assistant Superintendent Position

Plaintiff appears to have abandoned this argument, but in her original complaint, she alleges that she was improperly rejected from consideration for an Assistant Superintendent position.

Not being considered for a position for which one is materially ineligible is not an adverse action. *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (an adverse action is one that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"). A reasonable worker would not apply to a job for which they were categorically unqualified.

Plaintiff was not considered for this position because the vacancy was clearly limited to current employees and Reduction in Force candidates, of which employee was neither, as plaintiff had resigned from the Department in 2007. Plaintiff could not be hired for the job, which she admits [DE 31 at 3; DE 41 at 2].[1] There are no issues of material fact. Defendant's motion for summary judgment should be allowed.

B. Clinical Social Worker Position

Plaintiff also alleges she was retaliated against by not being called in to interview for the clinical social worker position she applied for in 2015. Summary judgment is appropriate for

---

[1] In her complaint, plaintiff apparently distinguishes between her employment with McCain Correctional Hospital and her assignment to Avery/Mitchell Correctional, arguing that when she resigned, she resigned from McCain and not Avery/Mitchell. [DE 1-1 at 9]. But when plaintiff resigned, she resigned from the Department generally. [DE 32-7]. She did not keep working at Avery/Mitchell and so she was not a current employee when she applied for the Superintendent position.

4

defendant here as well, because plaintiff experienced no adverse impact, there was no knowledge by the decision-maker, and there was no temporal proximity.

Plaintiff claims she was selected for an interview but not contacted, and this failure to be contacted was adverse. Specifically, she claims that the email telling her she was selected was sent to a different email address, not hers, and that she never received a phone call.

As discussed above, an adverse impact is one that would dissuade a reasonable worker from alleging discrimination. 548 U.S. at 68; *Von Gunton v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001). Being excluded from the interview process despite being selected is a potential adverse impact.

A party cannot use an affidavit to create "sham issues of fact." *Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993). When a story is so blatantly contradicted by the record "that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, the record shows plaintiff was both selected and contacted, and so there is no adverse impact. Apart from providing the a copy of her phone bill for the alternate phone number, and only the alternate phone number, listed on her application, plaintiff has provided nothing to substantiate the claims in her affidavit, and defendant has shown that there is no genuine dispute of material fact as to whether plaintiff was contacted. An email was sent to defendant's email address, AngeMil10@aol.com. [DE 32-13 at 2; DE 32-9 at 18]. There is no dispute that this is the email listed on plaintiff's application, that the email was typed correctly in defendant's email program, or that the email went through. [DE 32-9 at 3; 18; DE 32-13]. Additionally, there is no dispute that plaintiff later contacted Lolitta Caple, the employee who

5

emailed and called plaintiff, about the position, at which point she was informed the interview period had closed. [DE 32-9 at 2; DE 1-1 at 8]. Defendant has established facts to support that Ms. Caple's information was only provided in the calls and emails offering interviews, and plaintiff has not made any attempt to rebut that or otherwise explain how she came to contact Ms. Caple. [DE 32-9 at 2]. For these reasons, there is no genuine dispute of material fact as to whether plaintiff experienced an adverse action.

To continue, plaintiff also cannot establish there was knowledge of her previous protected activity. Her argument has two parts: that in 2008 she told Ann Oxedine, a Department of Public Safety employee, that she had made discrimination claims against the Department, and that defendant, the Department, had previously defended lawsuits against her and so was generally aware of her litigation conduct. As discussed above, the question is whether the decision-maker had knowledge of the protected activity. The fact that defendant had also been a defendant in previous suits is insufficient.

Next, plaintiff has not alleged any facts to suggest that Ann Oxedine was the decision-maker or otherwise involved in the decision to interview plaintiff. Since, again, no one questions that plaintiff was in fact selected for an interview, plaintiff's claim is that Ann Oxedine, in mid-2015, after being told in 2008 that plaintiff had alleged discrimination against the Department, told Lolitta Caple to say she had contacted plaintiff for an interview, but not really contact her. Plaintiff has provided absolutely nothing to substantiate this.

Finally, even if Ann Oxedine did, in fact, have decision-making authority such that her knowledge is relevant, seven years is too attenuated to establish causation through temporal proximity.

Plaintiff has failed to make a prima facie case of retaliation under Title VII and so summary judgment is granted for defendant.

II.   N.C.G.S. § 143-422.2

Plaintiff has also alleged that this retaliation is a violation of public policy, in violation of N.C.G.S. § 143-422.2. That statute does not sustain a private right of action for retaliation. *McLean v. Patten Communities, Inc.,* 332 F.3d 714, 719 (4th Cir. 2003) ("In this case, we . . . hold that there is no private right of action under North Carolina law for retaliation under § 143–422.2."). Summary judgment is therefore granted for defendant.

## CONCLUSION

For the above reasons, defendant's motion for summary judgment [DE 29] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 13 day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7